**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No.: 1:12-cv-00617-RJJ |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY ROY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT JEFFREY ROY'S AFFIRMATIVE
DEFENSES [CM/ECF 14]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order striking or summarily dismissing the Affirmative Defenses filed by Defendant, Jeffrey Roy ("Defendant"), and files this memorandum in support.

## I.    INTRODUCTION

Defendant attempts to assert the following affirmative defenses: (1) Contributory Negligence; (2) Estoppel; (3) Illegality and/or Fraud; (4) Illegality of Plaintiff's Actions or Methods; (5) Unconscionability; (6) Prior License; (7) Failure to State a Claim; (8) Lack of Standing; (9) Plaintiff's Works Are Not Copyrightable; (10) Unconstitutionally Excessive Statutory Damages; (11) Laches; (12) Waiver; (13) De Minimis; (14) Unclean Hands; (15) Invalid Copyrights; (16) Implied License; (17) License, Consent Acquiescence; (18) Prior Recovery; (19) Failure to Mitigate; (20) Misuse of Copyright Act; and (21) Unconstitutionally Excessive Damages.  As explained more fully below, however, each of the asserted Affirmative Defenses is insufficient and should be stricken or summarily dismissed by the Court.

1

## II. **ARGUMENT**

### A. **Legal Standard**

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "An affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989). Affirmative defenses are also insufficient if, "as a matter of law, the defense cannot succeed under any circumstances. A motion to strike under Rule 12(f) is proper where it will eliminate spurious issues before trial and streamline the litigation." *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997). "Indeed, the motion to strike under Rule 12(f) is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Kelley v. Thomas Solvent Co.*, 714 F. Supp. at 1442 quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir.1986).

"The Sixth Circuit has yet to decide whether the new pleading standards announced in *Twombley* and *Iqbal* apply to affirmative defenses and the district courts are divided on the issue." *Ruffin v. Frito-Lay, Inc.*, 2010 WL 2663185 (E.D. Mich. 2010) *report and recommendation adopted,* 09-14664-BC, 2010 WL 2663184 (E.D. Mich. 2010) (internal quotation omitted). It is clear that "[a]n affirmative defense is held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense." *Id.* However, "a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success[.]" *United States v. Quadrini,* 69 Fed. R. Serv. 3d 953 (E.D. Mich. 2007). See also *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (agreeing with *Quadrini*

and holding "[i]t makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case.")

Additionally, entry of summary judgment under Fed. R. Civ. P. 56 applies to affirmative defenses. See e.g. *Review Directories Inc. v. McLeodUSA Pub. Co.*, 2001 WL 34054517 (W.D. Mich. 2001) (granting plaintiff's motion for summary judgment to dismiss affirmative defenses Nos. 1-9, 11-12, and 15-16.) "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Dynasty Apparel Indus. Inc., v. Rentz*, 206 F.R.D. 603, 604 (S.D. Ohio 2002) *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322, (1986).

## B. Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed

### 1. Defendant's First Affirmative Defense (Contributory Negligence) Should be Stricken

Defendant's First Affirmative Defense should be stricken because it has no application to the present case. Defendant's First Affirmative Defense states that "Plaintiff's claims may be barred due to its contributory negligence." Affirmative Defenses ¶ 1. Plaintiff's Complaint, however, only contains counts for direct copyright infringement and contributory copyright infringement. Plaintiff did not plead negligence and therefore Plaintiff cannot be found contributorily negligent. "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about

3

the plaintiff's harm." *Restatement (Second) of Torts § 463 (1965)*. Contributory negligence is not a defense to Plaintiff's cause of action and as a matter of law cannot succeed under any circumstances. Accordingly, Defendant's First Affirmative Defense should be stricken.

## 2. Defendant's Third Affirmative Defense (Estoppel) Should be Stricken

Defendant's Third Affirmative Defense should be stricken as contrary to the law and facts and as conclusory. For its defense, Defendant alleges only that "Plaintiff's claims are barred by the doctrine of estopp[el]." Affirmative Defenses ¶ 3. "Estoppel requires, among other things, that 'the party to be estopped must have used conduct or language amounting to a representation of material fact' and 'the party asserting estoppel must have detrimentally and justifiably relied on the representation.'" *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 494 (6th Cir. 2007) quoting *Thomas v. Miller,* 489 F.3d 293, 302 (6th Cir.2007) (quotations omitted). Here Plaintiff has not used any conduct or language amounting to a representation of material fact on which Defendant detrimentally relied in committing the alleged infringement. Indeed, the Parties had no contact and were complete strangers prior to the initiation of this lawsuit.

Further, Defendant's assertion is vague and ambiguous. Without providing any information, Plaintiff cannot begin to formulate a response to inform the Court why such reason is invalid. Moreover, the scope of relevant discovery cannot be ascertained. "[A] wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success[.]" *Quadrini,* 69 Fed. R. Serv. 3d 953. Defendant's Third Affirmative

4

Defense is wholly conclusory and has not given plaintiff "fair notice of the nature of the defense." Defendant's Third Affirmative Defense, therefore, should be stricken.[1]

### 3. Defendant's Fourth Affirmative Defense (Illegality and/or Fraud) Should be Stricken

Defendant's Fourth Affirmative Defense asserting that "Plaintiff's claims are barred due to its own illegality and/or fraud" should also be stricken as conclusory. Affirmative Defenses ¶ 4. Again, Defendant's assertion is vague and ambiguous and without providing a specific reason, Plaintiff cannot begin to formulate a response. Further, there is no illegality or fraud in this case. Plaintiff is merely pursuing valid claims for copyright infringement against Defendant. Clearly such actions cannot be considered illegal or fraudulent, and without more, Plaintiff cannot properly respond to Defendant's assertion. Defendant's Fourth Affirmative Defense should be stricken, or, in the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement.

### 4. Defendant's Fifth Affirmative Defense (Illegality of Actions or Methods) Should be Stricken

Defendant's Fifth Affirmative Defense should be stricken as conclusory. Defendant's Fifth Affirmative Defense states that "Plaintiff's claims are barred due to the illegality of the claimed actions or methods involved in its complaint." Affirmative Defenses ¶ 5. For the reasons stated in Plaintiff's Paragraphs 3 and 4 directly above, Defendant's Fifth Affirmative Defense should be stricken.

---

[1] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Of course, '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding' . . . Thus, 'in the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)." *Cooper Ins. Agency Ctr., L.L.C. v. Mourer-Foster, Inc.*, 2005 WL 3289345 (W.D. Mich. 2005) (internal citations omitted).

**5.    Defendant's Sixth Affirmative Defense (Unconscionability) Should be Stricken**

Defendant's Sixth Affirmative Defense asserts that "Plaintiff's Complaint is barred as unconscionable."  Affirmative Defenses ¶ 6.  The concept of unconscionability applies only to contracts.  "[I]n order to show unconscionability, a party must demonstrate an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."  *Pichey v. Ameritech Interactive Media Services, Inc.*, 421 F. Supp. 2d 1038, 1045 (W.D. Mich. 2006) (internal citation omitted).  See also *Restatement (Second) of Contracts § 208 (1981)* ("If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result.")  Here there is no contract – Plaintiff's Complaint is not a contract that can be declared unconscionable.  Accordingly, Plaintiff's Complaint is not barred and Defendant's Sixth Affirmative Defense should be stricken.

**6.    Defendant's Seventh Affirmative Defense (Prior License) Should be Summarily Dismissed**

Defendant's Seventh Affirmative Defense should be summarily dismissed.  Defendant's Seventh Affirmative Defense states that "Plaintiff's Complaint may be barred by its prior license to Defendant."  Affirmative Defenses ¶ 7.  Plaintiff has *never* entered into any licensing agreement with Defendant – written, oral, or otherwise.  Indeed, prior to this lawsuit, Plaintiff and Defendant were complete strangers.  Defendant's Seventh Affirmative Defense is factually baseless and unsupportable.  Accordingly, Defendant's Seventh Affirmative Defense should be summarily dismissed.

7. **Defendant's Eighth Affirmative Defense (Failure to State a Claim)
Should be Stricken**

Defendant's Eighth Affirmative Defense should be stricken because Plaintiff <u>does</u> state a claim by pleading that Defendant used the BitTorrent protocol to infringe Plaintiff's copyrights. Indeed, this Court previously held that "Plaintiff's complaint alleges that the IP address of each John Doe Defendant was used to download at least a portion of Plaintiff's copyrighted Works in violation of federal copyright law, and have articulated a sufficient factual basis to support this assertion." *See* Order [CM/ECF 9] at pp. 9-10. Plaintiff's Complaint states a claim for infringement. "There are two essential questions at the heart of any copyright infringement action: whether the plaintiff owned the copyrighted work and whether the defendant copied it." *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009) (internal citation omitted). In this case, Plaintiff has clearly pled a *prima facie* case of infringement. "The Defendant copied and distributed a website containing 15 federally registered copyrighted movies owned by Plaintiff." *Complaint* at ¶ 2. "An internet screen shot from www.copyright.gov of each of the 15 Registrations is attached as Composite Exhibit B." *Id.* at ¶ 11. "Each of the Works were on a website that was converted into are in a single torrent file[.]" *Id.* at ¶ 13. "The Defendant copied and distributed, through the BitTorrent protocol, the exact same torrent file . . . which contained Plaintiff's 15 registered works." *Id.* at ¶ 14. "Defendant installed a BitTorrent Client onto his computer." *Id*. at ¶ 18. "Defendant went to a torrent site to upload and download Plaintiff's copyrighted Works." *Id*. at ¶ 30. "Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent Protocol and the internet to reproduce, distribute, display, or perform Plaintiff's copyrighted works." *Id*. at ¶ 38. "IPP used forensic software . . . and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions." *Id*.

at ¶ 39. "IPP extracted the resulting data . . . reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith . . .[.]" *Id.* at ¶ 40. "The IP addresses, Unique Hash Number and hit dates . . . accurately reflect . . . and show Defendant had copied a piece of Plaintiff's copyrighted Work(s)." *Id.* at ¶ 41. "By using the BitTorrent protocol and a BitTorrent Client and the processes described above . . . Defendant copied the constituent elements of the Works that are original." *Id.* at ¶ 49. "Plaintiff did not authorize, permit or consent to Defendant's copying of its Works." *Id.* at ¶ 50. "As a result of the foregoing, Defendant violated Plaintiff's exclusive [copy]right[s]." *Id.* at ¶ 51.

Accordingly, Plaintiff having properly pled a *prima facie* case of copyright infringement, Defendant's Eighth Affirmative Defense fails on the face of the pleadings and should be stricken.

### 8. Defendant's Ninth Affirmative Defense (Standing) Should be Summarily Dismissed

Defendant's Ninth Affirmative Defense stating "Plaintiff's Complaint is barred due to its lack of standing to assert a basis for statutory relief" fails on the face of the pleadings and should be summarily dismissed. Affirmative Defenses ¶ 9. As stated directly above, "[t]here are two essential questions at the heart of any copyright infringement action: whether the plaintiff owned the copyrighted work and whether the defendant copied it." *Bridgeport Music, Inc.,* 585 F.3d at 274 (internal citation omitted). Exhibit "B" to Plaintiff's Amended Complaint contains screen shots from the United States Copyright Office's online catalog which shows that all of Plaintiff's works are registered. Under the Copyright Act "[i]n any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *17 U.S.C. § 410.* Because Plaintiff's Works are registered, Plaintiff is entitled to sue for infringement of its Works. See *17 U.S.C. § 411(a).* Further,

8

Plaintiff, as the copyright owner, "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . [.]" *17 U.S.C. § 504(c)(1)*. All conditions precedent necessary for Plaintiff to bring this action have been satisfied. Because Defendant has no basis for arguing that Plaintiff lacks standing, Defendant's Ninth Affirmative Defense should be summarily dismissed.

### 9. Defendant's Tenth Affirmative Defense (Copyrightability) Should be Stricken

Defendant's Tenth Affirmative Defense should be stricken. Defendant's Tenth Affirmative Defense states that "Plaintiff's Complaint for statutory and/or equitable relief is barred in that works of obscenity are not copyrightable or protected." Affirmative Defenses ¶ 10. First, as stated directly above, Plaintiff's works are both copyrightable and protected and Plaintiff's registration certificates are prima facie evidence of the validity of the copyright.

Next, Defendant's argument is contrary to principles of basic copyright law. "[T]he currently prevailing view" is that "no works are excluded from copyright by reason of their content." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.17 (2008), *citing Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("*Mitchell Brothers*"). Sound policy reasons support the "Congressional intent to avoid content restrictions on copyrightability." *Id.*, at § 2.17. *See also Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973) ("There is nothing in the Copyright Act to suggest that the courts are to pass upon the truth or falsity, the soundness or unsoundness, of the views embodied in a copyrighted work. The gravity and immensity of the problems, theological, philosophical, economic and scientific that would confront a court if this view were adopted are staggering to contemplate.")

The *Mitchell Brothers* case is the seminal decision on the issue of avoiding content-based exclusions in copyright law.  In *Mitchell Brothers*, accused infringers of a pornographic film asserted as an affirmative defense in the trial court—in the same manner that Defendant does here—that the copyrighted material was obscene, and that the plaintiffs were barred from relief under the doctrine of "unclean hands."  *Mitchell Brothers*, 604 F.2d at 854.  Following the acceptance of the affirmative defense by the trial court, the Fifth Circuit reversed, holding there is not even a hint in the Copyright Act that the obscene nature of a work makes it less copyrightable:

> [The Copyright Act's]… statutory language "all the writings of an author" is facially all-inclusive, within itself admitting of no exceptions. There is not even a hint in the language of s 4 that the obscene nature of a work renders it any less a copyrightable "writing."  There is no other statutory language from which it can be inferred that Congress intended that obscene materials could not be copyrighted.

*Id.* (footnote omitted).

The *Mitchell Brothers* court then noted that the historical absence of any content-based restrictions in copyright law demonstrated that "Congress has seldom added restrictions on copyright based on the subject matter of the work, and in each instance has later removed the content restriction."  *Id.*, at 855.  Such congressional "additions and subsequent deletions," the *Mitchell Brothers* court noted, "suggest that Congress has been hostile to content-based restrictions on copyrightability."  *Id.*

The court also articulated its position that obscenity concerns were inconsistent with the goal of furthering creativity:

> Obscenity law is a concept not adapted for use as a means for ascertaining whether creative works may be copyrighted. Obscenity as a constitutional doctrine has developed as an effort to create a tolerable compromise between First Amendment considerations and police power.  It is an awkward, barely acceptable concept that continues to dog our judicial system and society at large.  The

purpose underlying the constitutional grant of power to Congress to protect writings is the promotion of original writings, an invitation to creativity. This is an expansive purpose with no stated limitations of taste or governmental acceptability. <u>Such restraints, if imposed, would be antithetical to promotion of creativity.</u> The pursuit of creativity requires freedom to explore into the gray areas, to the cutting edge, and even beyond. Obscenity, on the other hand, is a limiting doctrine constricting the scope of accepting of the written word.

*Id.*, at 856 (footnote omitted) [Emphasis added].

The Ninth Circuit followed *Mitchell Brothers* three years later in *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) ("*Jartech*"), which similarly reversed a trial court that had invalidated a copyright on obscenity grounds. The *Jartech* decision elucidated an additional, pragmatic reason to avoid an obscenity defense to copyright infringement:

Pragmatism further compels a rejection of an obscenity defense. Under the dictates of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), obscenity is a community standard which may vary to the extent that controls thereof may be dropped by a state altogether. *Paris Adult Theatres I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); *United States v. 2,200 Paper Back Books*, 565 F.2d 566, 569-70 (9th Cir. 1977). Acceptance of an obscenity defense would fragment copyright enforcement, protecting registered materials in a certain community, while, in effect, authorizing pirating in another locale.

*Jartech*, 666 F.2d at 406.

Although the Fifth and the Ninth Circuit Courts are the only Circuit Courts to have addressed the issue that pornography is not copyrightable on obscenity grounds, the weight of their decisions is clear. As noted in *Mitchell Brothers*, Congress historically has not enacted content-based restrictions on copyrightability, and has chosen not to do so even after these decisions. As explained above, numerous reasons—from the legal to the creative to the pragmatic—militate against enacting such content-based restrictions.

Accordingly, the current Copyright Office position on the issue, as expressed in Compendium II of Copyright Office Practices, § 108.10, states: "Obscene or Pornographic

Works. The Copyright Office will not ordinarily[2] attempt to examine a work to determine whether it contains material that might be considered obscene or pornographic."

In this regard, and during her tenure as Register of Copyrights, Marybeth Peters explained the rights of copyright holders in peer-to-peer infringement actions in the context of pornographic works to the Senate Judiciary Committee as follows: "The law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity. Every court that has addressed the issue has agreed that this activity is infringement."[3] Ms. Peters explained that these types of suits are necessary to deter infringement:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation. In short, if you break the law, you should be prepared to accept the consequences. Copyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services.

*Id*. (emphasis added).

In this case, Defendant fails to cite any authority supporting his claim that Plaintiff's works are not entitled to copyright protection. Defendant's Tenth Affirmative Defense should

---

[2] The qualifier "ordinarily" was only made a consideration in 1991 as a policy decision regarding child pornography.
[3] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary*, 108th Cong. (2003), *available at* http://www.copyright.gov/docs/regstat090903.html.

therefore be stricken.

**10. Defendant's Eleventh Affirmative Defense (Statutory Damages) Should be Stricken**

Defendant's Eleventh Affirmative Defense should be stricken as contrary to established precedent and legal reasoning supporting the imposition of statutory damages. Defendant's Eleventh Affirmative Defense states that "the statutory damages sought by Plaintiff are unconstitutionally excessive as applied." Affirmative Defenses ¶ 11.

First, "the defense is not properly asserted as an 'affirmative defense,' which is defined as '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Malibu Media, LLC v. Ryan Geary*, 1:12-cv-01876-REB-MEH, Recommendation [CM/ECF 33] at p. 14 quoting *Black's Law Dictionary* (9th ed. 2009). Plaintiff's claim is for copyright infringement and "[p]roof of statutory damages is not an element of a copyright infringement claim." *Id.* citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991). Accordingly, "because the defense, as stated, 'cannot succeed' in defeating any portion of the Plaintiff's claim for direct infringement, the Court [should] . . . grant Plaintiff's motion to strike the . . . affirmative defense." *Id.*

Furthermore, Defendant's argument is directly contrary to well-established law and precedent. Courts have repeatedly rejected due process challenges to the imposition of statutory damages under the Copyright Act. *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (declining to evaluate defendant's due process objections to award of statutory damages under Copyright Act, and noting remittitur procedure as available to challenge award); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586–88 (6th Cir. 2007) (upholding statutory damage award representing 44:1 ratio of statutory to actual damages

ratio); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459–60 (D. Md. 2004) (holding award of statutory damages for copyright infringement would not be subject to review under due process clause in view of difficulties in assessing compensatory damages for actual harm).

Addressing the development of statutory damages under the Copyright Act, the *Tenenbaum* Court noted:

> [The text of Section 504 of the Copyright Act] reflects Congress's intent "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas v. Cunningham*, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862 (1935). The Supreme Court explained that before statutory damages were available, plaintiffs, "though proving infringement," would often be able to recover only nominal damages and the "ineffectiveness of the remedy encouraged willful and deliberate infringement." *Id.* The Supreme Court has since reaffirmed that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (upholding statutory damage award of $5,000 for infringement even when actual damages of only $900 were demonstrated); *see also L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106, 39 S.Ct. 194, 63 L.Ed. 499 (1919) (finding the language chosen by Congress "shows that something other than actual damages is intended—that another measure is to be applied in making the assessment").

*Tenenbaum*, 660 F.3d at 502. Similarly, in this case an award of statutory damages comports with Congress's twin aims of providing a remedy where profits or other damages may be difficult to ascertain, and as a deterrent to further infringement.

In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by <u>increasing</u> the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright

> infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).   By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear and unmistakable intent to permit copyright owners to sue on-line infringers. Ms. Peters explained that these types of suits are necessary to deter infringement[4]:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. <u>While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation.</u> In short, if you break the law, you should be prepared to accept the consequences.

*Id*. (Emphasis added.).

Accordingly, Defendant's Eleventh Affirmative Defense should be stricken.

## 11.  <u>Defendant's Twelfth Affirmative Defense (Laches) Should be Stricken</u>

Defendant's Twelfth Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches" and should be stricken. Affirmative Defenses ¶ 12.

Defendant has no grounds for asserting the affirmative defense of laches in this case. "[L]aches . . . focuses on plaintiff's blame in sitting on its rights, [but] it is the harm to defendant from plaintiff's inaction and plaintiff's responsibility for that harm which forms the basis for defense.  Laches, therefore, requires proof not only of lack of diligence by plaintiff, but also resulting prejudice to defendant.  Mere delay or passage of time is insufficient." *6 Patry on*

---

[4] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary,* 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

Copyright § 20:54. "[A]lthough the doctrine of laches may be applied in copyright cases, it should be applied 'rarely' and only in 'unusual circumstances'." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 493 (6th Cir. 2007). Here, Defendant has no basis to assert that Plaintiff "sat on its rights" causing harm to Defendant. Indeed, Plaintiff has been vigilant in pursuing its claims against Defendant and Defendant cannot therefore demonstrate any harm or prejudice.

The Sixth Circuit further held in *Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227 (6th Cir. 2007) that the doctrine of laches did not apply "[t]o the extent that the plaintiffs seek only the monetary damages and injunctive relief allowed by the Copyright Act for violations of the statute's provisions." *Id.* at 235. "Application of laches to legal claims is not the norm." *6 Patry on Copyright § 20:54.* Here, Plaintiff seeks only the remedies allowed by the Copyright Act for Defendant's infringement, nothing more. Accordingly, under binding precedent, the affirmative defense of laches has no application to the instant case.

For the foregoing reasons, Defendant's Twelfth Affirmative Defense should be stricken.

### 12. Defendant's Thirteenth Affirmative Defense (Waiver) Should be Summarily Dismissed

Defendant's Thirteenth Affirmative Defense should be summarily dismissed as conclusory. For its defense, Defendant alleges only that "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." Affirmative Defenses, ¶ 13. Defendant's assertion is vague and ambiguous. Without providing any information, Plaintiff cannot begin to formulate a response to inform the Court why such reason is invalid. Moreover, the scope of relevant discovery cannot be ascertained. "[A] wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success[.]" *Quadrini,* 69

16

Fed. R. Serv. 3d 953. Defendant's Thirteenth Affirmative Defense is wholly conclusory and has not given plaintiff "fair notice of the nature of the defense." Defendant's Thirteenth Affirmative Defense, therefore, should be stricken.[5]

### 13. Defendant's Fifteenth Affirmative Defense (De Minimis) Should be Stricken

Defendant's Fifteenth Affirmative Defense, which claims that "any sharing of Plaintiff's work was a de minimum use in that a functional copy of Plaintiff's work was not transferred," should be stricken as contrary to applicable law and fact.

A fundamental principle of copyright law is that copyright infringement may occur even if the entire work is not copied. "A de minimis defense does not apply where the *qualitative* value of the copying is material." *Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208 (3d Circ. 2002) (finding infringement when 27 of 525,000 lines were infringed.) "[T]he fact that the copying is alleged by the defendant to be de minimus does not alleviate liability, but is only relevant to the question of damages." *Central Tel. Co. of Virginia v. Johnson Pub. Co., Inc.*, 526 F.Supp. 838, 844 (D.C.Colo., 1981).

Likewise, numerous courts throughout the country have found infringement when only a small portion of the work had been copied. *See Henry Holt & Co., to Use of Felderman v. Liggett & Myers Tobacco Co.*, 23 F.Supp. 302, 304 (D.C. Pa. 1938) (three paraphrased sentences from a book found to be infringement); *Castle Rock Entertainment, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132, 138 (2d Circ. 1998) (copying fragments from Seinfeld episodes found not to

---

[5] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Of course, '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding' . . . Thus, 'in the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)." *Cooper Ins. Agency Ctr., L.L.C. v. Mourer-Foster, Inc.*, 2005 WL 3289345 (W.D. Mich. 2005) (internal citations omitted).

be de minimis); *Higgins v. Baker*, 309 F. Supp. 635 (S.D. N.Y. 1969) (0.8% appropriation held infringing).

In this case the affirmative defense of de minimis infringement should be stricken because Defendant is taking an exact piece of the movie. Even if Defendant only stole a small portion, the movie would not be whole without that piece. And here, Defendant is not intentionally taking a small unrecognizable portion for his own use, the intent is to download and take the entire movie. Further, Defendant has physically taken a portion of Plaintiff's movie, not intellectually copied a small minute portion for his own personal use. The Sixth Circuit made this distinction finding infringement when a defendant copied a 3 note clip of a sound recording. "For the sound recording copyright holder, it is not the 'song' but the sounds that are fixed in the medium of his choice. When those sounds are sampled they are taken directly from that fixed medium. It is a physical taking rather than an intellectual one." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 802 (6th Cir. 2005).

### 14. Defendant's Sixteenth Affirmative Defense (Unclean Hands) Should be Stricken

Defendant's Sixteenth Affirmative Defense asserting "unclean hands" should be stricken. Defendant's affirmative defense only states, "Plaintiff's claims are barred . . . by the doctrine of unclean hands." Affirmative Defenses, ¶ 16. This is conlusory and vague. "The concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995). "The doctrine of unclean hands requires that the alleged misconduct on the part of the plaintiff relate directly to the transaction about which the plaintiff has made a complaint." *Id.* "Unclean hands does not apply to a party's

18

motives for bringing a lawsuit." *Libbey Glass, Inc. v. Oneida Ltd.*, 61 F. Supp. 2d 700, 719

(N.D. Ohio 1999) (granting summary judgment as to affirmative defense based on unclean

hands).

> Further, the defense of unclean hands in a copyright infringement action
>
> "…is recognized only rarely, when the plaintiff's transgression is of serious
> proportions and relates directly to the subject matter of the infringement action."
> Nimmer on Copyright § 13.09[B].  The unclean hands defense should be rejected
> when the "plaintiff's transgression is of an extraneous, immaterial, or
> inconsequential nature, or possibly when the defendant has been guilty of conduct
> more unconscionable and unworthy than the plaintiff's."  *Id.*

*FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005).  See also *Saxon*

*v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (In the context of claims for copyright infringement,

an unclean hands defense will only "bar enforcement of a valid copyright when a plaintiff

commits wrongdoing 'of serious proportions.'")

Here, Defendant has not asserted that Plaintiff's behavior is related to the matter at issue

or that Plaintiff has otherwise engaged in any wrongdoing.  *See Coleman v. ESPN, Inc.*, 764 F.

Supp. 290, 296 (S.D.N.Y. 1991) (granting motion for summary judgment on defendant's unclean

hands affirmative defense because "[i]n a copyright case, the defense of unclean hands requires

that the plaintiff either participated in the acts of infringement or that plaintiff committed some

'transgression' such as fraud upon the Copyright Office resulting in harm or prejudice to the

defendant."  Citing *Nimmer on Copyright* § 13.07 at 13–145 & n. 12.2 (1990).)

Indeed, Defendant has not asserted any behavior by Plaintiff that may qualify as unclean

hands.   Further, Defendant does not state whether his defense rests on fraud, deceit,

unconscionability, or bad faith.   Courts have held that an unclean hands affirmative defense

should be stricken when it is conclusory, failing to assert any facts that, if proved, would amount

to unclean hands.  *See e.g. Mike Rosen & Associates, P.C. v. Omega Builders, Ltd.*, 940 F. Supp.

115, 119 (E.D. Pa. 1996). Defendant's Sixteenth Affirmative Defense, therefore, should be stricken.

### 15. Defendant's Seventeenth Affirmative Defense (Invalid Copyright) Should be Stricken

Defendant's Seventeenth Affirmative Defense merely states "Plaintiff's copyrights are invalid and/or unenforceable." Affirmative Defenses ¶ 17. Defendant's assertion is vague and ambiguous. Without providing any information, Plaintiff cannot begin to formulate a response to inform the Court why such reason is invalid. Moreover, the scope of relevant discovery cannot be ascertained. "[A] wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success[.]" *Quadrini,* 69 Fed. R. Serv. 3d 953. Defendant's Seventeenth Affirmative Defense is wholly conclusory and has not given plaintiff "fair notice of the nature of the defense." Defendant's Seventeenth Affirmative Defense, therefore, should be stricken.[6]

### 16. Defendant's Eighteenth Affirmative Defense (Implied License) Should be Stricken

Defendant's Eighteenth Affirmative Defense should be stricken as insufficient and directly contrary to the pleadings. Defendant asserts for its defense that Plaintiff "authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent, and the claims are therefore barred by the doctrine of implied license." Affirmative Defenses, ¶ 18.

---

[6] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Of course, '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding' . . . Thus, 'in the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)." *Cooper Ins. Agency Ctr., L.L.C. v. Mourer-Foster, Inc.*, 2005 WL 3289345 (W.D. Mich. 2005) (internal citations omitted).

Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved. *Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998) ("[a] non-exclusive license may be granted orally, or may be implied from conduct." citing M. Nimmer and D. Nimmer, *3 Nimmer on Copyright § 10.03[A]*, at 10-38 (1994)).

"An implied license will only be found in narrow circumstances where 'one party created a work at the other's request and handed it over, intending that the other copy and distribute it.'" *Tang v. Putruss*, 521 F. Supp. 2d 600, 608 (E.D. Mich. 2007) (citation omitted). None of the prongs of the test above can be met in this instance. First, Defendant cannot allege that he or she requested the work in question from Plaintiff. Second, in the context of <u>unauthorized</u> file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant. "[T]he court will not imply a license where the work was involuntarily taken from the author." *Id.* at 608. Accordingly, there was no "meeting of the minds." *See, e.g., Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds."); *Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ("To create an implied agreement one must have a meeting of the minds as in any contract, the variance from an express agreement being only the character of the evidence used to establish it.")

Third, under the facts in this case, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement. *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive

licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material."). Defendant's Eighteenth Affirmative Defense is thus insufficient and should be stricken.

### 17. Defendant's Nineteenth Affirmative Defense (License, Consent, Acquiescence) Should be Summarily Dismissed

Defendant's Nineteenth Affirmative Defense should be summarily dismissed as insufficient and directly contrary to the pleadings. Defendant asserts for its defense that "Plaintiff's claims are barred by . . . its license, consent, and acquiescence in that alleged infringing activity." Affirmative Defenses, ¶ 19. Defendant's Nineteenth Affirmative Defense is duplicative of Defendant's Seventh Affirmative Defense (prior license) and should be stricken for the same reasons asserted above.

### 18. Defendant's Twentieth Affirmative Defense (Prior Recovery) Should be Stricken

Defendant's Twentieth Affirmative Defense is contrary to established copyright law and should be stricken. For his Twentieth Affirmative Defense Defendant states, "Plaintiff's claims are barred . . . by its prior recovery / recovery set-offs in connection with the same or similar claims of infringement." Affirmative Defenses ¶ 20. As the copyright holder, Plaintiff is entitled to sue each and every individual who has infringed its copyrighted works. See *17 U.S.C. § 501(b)*. "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be." *17 U.S.C. § 501(a)*. Accordingly, Plaintiff is entitled to bring this action to protect its rights.

To the extent Defendant's Affirmative Defense is based on 17 U.S.C. § 504(c), Defendant misconstrues the law. 17 U.S.C. § 504(c) states that there are maximum statutory damages per work, per case:

the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved <u>in the action</u>, <u>with respect to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just.

*Id.* This "action" has not gone to trial. Obviously, therefore, Plaintiff has not been "award[ed]" any "statutory damages." "The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353(1998) (emphasis in original and internal citation omitted). Moreover, no jury has ever awarded Plaintiff Malibu Media *any* statutory damages, period. Defendant's Twentieth Affirmative Defense is therefore insufficient and should be stricken.

### 19. Defendant's Twenty-First Affirmative Defense (Failure to Mitigate) Should be Stricken

To the extent Plaintiff elects statutory damages as its remedy under the Copyright Act in this case, Defendant's Twenty-First Affirmative Defense should be stricken. As his Twenty-First Affirmative Defense, Defendant claims that "Plaintiff's claims are barred . . . based on its failure to mitigate." Affirmative Defenses, at ¶12.

The defense of failure to mitigate damages is not appropriate in copyright cases where a plaintiff seeks only statutory damages. *See Arista Records, Inc. v. Flea World*, Inc., 356 F.Supp.2d 411, 422 (D. N.J. 2005) (holding that failure to mitigate damages was not appropriate defense in contributory infringement action where plaintiffs were seeking only statutory damages). Plaintiff has yet to make an election of damages in this case. Plaintiff hereby requests, however, that Defendant Twenty-First Affirmative Defense be appropriately stricken if and when Plaintiff should elect statutory damages as its remedy. *Id.*

**20.  Defendant's Twenty-Second Affirmative Defense (Misuse of Copyright Act) Should be Stricken**

Defendant's Twenty-Second Affirmative Defense for misuse of copyright should be stricken as conclusory and inapplicable to this case.  "To establish copyright misuse, a defendant must establish either '(1) that [the plaintiff] violated the antitrust laws, or (2) that [the plaintiff] illegally extended its monopoly beyond the scope of the copyright or violated the public policies underlying the copyright laws' . . . The Sixth Circuit has neither accepted nor rejected the copyright misuse defense."  *Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000).

Here, Defendant only makes the "bare bones" allegation that "Plaintiff's claims are barred . . . based on its misuse of the copyright act and protections afforded therein."  Affirmative Defenses ¶ 22.  This allegation is conclusory and fails to allege any element of the defense.  Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse.  *See, e.g., Advanced Computer Services of Michigan, Inc. v. MAI Sys. Corp.*, 845 F. Supp. 356, 370 (E.D. Va. 1994) (finding no misuse where company infringed copyright in software and copyright holder merely sought to enforce its copyright.) See also *Serv. & Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 690 (4th Cir. 1992) (finding no misuse where "[defendant] did [nothing] beyond . . . activity that is protected as an exclusive right of a copyright owner [under] 17 U.S.C. § 106."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")

24

Defendant's Twenty-Second Affirmative Defense thus fails as a matter of law and should be stricken.

### 21. Defendant's Twenty-Third Affirmative Defense (Unconstitutionally Excessive Damages) Should be Stricken

Defendant's Twenty-Third Affirmative Defense states that "Plaintiff's claims are barred . . . based on the unconstitutionally excessive damages it attempts to seek as a recovery in connection with the alleged acts of infringement," and is duplicative of Defendant's Eleventh Affirmative Defense. Accordingly, Defendant's Twenty-Third Affirmative Defense should be stricken for the reasons stated in Plaintiff's ¶ 10 above.

## III. CONCLUSION

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken or summarily dismissed, as appropriate.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike or Summarily Dismiss Defendant's Affirmative Defenses;

(B) Striking or summarily dismissing Defendant's Affirmative Defenses; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: January 25, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:      /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(d) I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues

By:      /s/ *Paul J. Nicoletti*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:      /s/ *Paul J. Nicoletti*

26