# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC, ) Case No. 1:12-cv-00617-RJJ
) Hon. Robert J. Jonker
    Plaintiff, )
vs. )
)
JEFFREY ROY, )
)
    Defendant. )
)

| | |
|---|---|
| PAUL J. NICOLLETTI (P-44419) | JOHN T. HERMANN (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

### DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S INTERROGATORY QUESTIONS

Defendant JEFFREY ROY pursuant to Fed R. Civ. P. 33 hereby submit the following answers and/or objections to Plaintiff MALIBU MEDIA's Interrogatory questions:

1. State the full name, address and position relative to the Defendant of the person(s) answering these Interrogatories and for each such person state what that person contributed.

ANSWER: The interrogatories were prepared by John T. Hermann whose address is 2684 West Eleven Mile Road Berkley, MI 48072 with the input and assistance and of Jeffrey Roy and his wife Robin whose █████████████████████████████████████████.

    2. Describe in detail your educational background, where you went to high school, college (if you attended), your major and your work history, and in chronological fashion identify each of your former employers and your present employers, state how long you worked at each such employer, and summarize your job duties for each such employer. For the avoidance of doubt, if at any time you were self-employed, the sole proprietorship, partnership or legal entity through which you were self-employed qualifies as an employer within the meaning of this interrogatory.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the

1

instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Specifically, Defendant's employment and educational background and ownership of any business are not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment and/or to use the threat of being associated with the alleged downloading of pornographic materials as a means to interfere with Defendant's current employment neither of which is proper. Defendant further objects in that the questions and referenced subparts contain separate requests far in excess of the amount allowable under Fed R. Civ. P. 33(a)(1). Plaintiff's request as currently phrased would require Defendant to list his entire employment history for his entire working career spanning a time of several decades

ANSWER SUBJECT TO OBJECTIONS: Notwithstanding said objections, Defendant agrees to answer any additional questions pertaining to his general background covering the topics identified above during the discovery period via his deposition; however, a summary of his education and employment are as follows;

**Education:**
1980-Graduated from high school
1988-Graduated from College with a degree in Fine Arts
1989-Post Graduate Certification in Prosthetics
1991-Post Graduate Certification in Orthotics

**Employment:**



3. Explain in detail your exposure to Computer Devices in school, college, work and at home, include within your answer any courses or classes you have taken to learn how to use Computer Devices and/or the software that enables the Computer Devices to work, list all of the programs that you know how to use, and state when you learned how to use each such program.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Specifically, Defendant's familiarity and/or training with regard to computer devices is not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment and/or to use the threat of being associated with the alleged downloading of pornographic materials as a means to harass and/or embarrass Defendant which is wholly improper. Furthermore, Plaintiff's request as currently phrased would require Defendant to identify any training and/or experience with

computer no matter how tangentially related or proximate in time to the Subject Day of the alleged interference. Defendant also objects to the nature of this interrogatory on the grounds that the term course or work to use computer devices and/or software is vague and ambiguous in that it is broad enough to include first generation languages such as Univac I, IBM 701, and other machine language programs, mnemonic and other second generation computer languages, third generation languages such as FORTRAN, LISP, and COBAL forth generation computer languages such as C, C++, Visual Basic, and/or Pascal all of which were used decades ago and have no application to the current torrent based peer-to-peer programs being utilized on the world wide web. This objection shall be continuing and apply to any reference to the familiarity and/or training of any computer device as used throughout the course these interrogatory responses.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant agrees to answer any of the questions pertaining to his general background covering the topics identified above during the discovery period via his deposition and asserts that he does not have any specialized training in computer and/or computer systems and is only familiar with windows programs, such as word and explorer.

4. Identify by brand, trademark, model number, version and by any other relevant form of identifier each of the Computer Devices used in your home during the preceding two years and for each such Computer Device, state when it was purchased, from where it was purchased, who is authorized to use the Computer Device, who has been authorized to use the Computer Device, the times during which each such person was authorized to use the Computer Device, and identify the person who primarily uses the Computer Device.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Specifically, the location of where Defendant purchased any of the computer devices in his home is not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement claims.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following computer devices were used in his home for the period two years prior to the Subject Date of the alleged infringement:

Computers in the home:
████████ Mac Book 15" purchased online in 2007
████████████████████████████████
████████ ) Mac Book on loan through Northern Michigan University Computer
████ Dell Vostro 1400 laptop, purchased in 2007
████ HP-DV6-6130US (laptop), purchased in 2012
Shared Computer –Gateway desktop, purchased in 2003
Mac Power Book, G4, seldom used given to us ████████



5. Identify each wireless router or modem used in your home during the preceding

3

two years and for each such device state the duration during which it was password protected. If you have changed the password for a wireless router or modem during the last two years, state when you changed the password and explain why you changed the password.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following modem devices were used in his home for the two year period prior to the Subject Date of the alleged infringement:

    Wireless modems were provided by Charter. Currently Defendant has Cisco Linsys E2000 wireless router in place. Defendant has changed our router once in the past two years (prior to being aware of Plaintiff's claim); Defendant does not have make and model of original router. When the new router was installed the password feature was not turned on for a few months, when the password was turned on the same password was used.

6. For each Computer Device, wireless router and modem identified above, identify the person that installed it, connected it, or otherwise set it up, and each person that has moved, modified or otherwise controlled it.

ANSWER: Charter cable installed the modem Cisco DPC3010. ▮▮▮▮▮▮▮▮ worked with the router Cisco Linsys E2000, Defendant believe that it his daughter ▮▮▮ may have been the individual who installed it.

7. Describe your house, apartment, or dwelling in detail, including its configuration, the number of floors, and its size or approximate size in square feet, and identify the location inside your house, apartment, or dwelling that each of your Computer Device(s), wireless router(s) or modem(s) is located. For purposes of this response, kindly create a diagram similar to the one that follows but which more accurately reflects the shape of your house, apartment or dwelling:

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Specifically, the size and square footage of Defendant's home residence is not reasonably calculated to yield any admissible evidence relating to Plaintiff claims of copyright infringement and are apparently being directed to determine the likelihood of collectability in advance of any judgment which is proper.

ANSWER SUBJECT TO OBJECTIONS: Notwithstanding said objections, Defendant maintains a two story home. The modem and router are located on the second floor of the home in the TV room. The desktop was stationed in the office located downstairs. The rest of the computers in the home were laptops.

8. Identify each person who you provided with access to your wireless router(s) or

modem(s) during the last two years, and state the duration during which each such person had access to your wireless router(s) or modem(s).

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the following individuals had access to his internet router for the two year period prior to the Subject Date of the alleged infringement



We have had family members visit the home over the past two years, ███ parents and sisters. ███ has had her college friends over and they used our wireless connection.

9.  For each person identified above, state his or her age or approximate age, describe his or her relationship to you, and state whether or not he or she used a password to connect to your wireless router or modem.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the individuals listed above by name and approximate age had access to his internet router for the two year period prior to the Subject Date of the alleged infringement

10.  Identify each person who was at your home on May 22, 2012 (the "Subject Day"), and state whether each such person had access to your Computer Device(s), wireless router(s) or modem(s). (a) If no one was home on the Subject Day, identify: (i) the Computer Devices that were on or running on each of the Subject Day, and (ii) when were you last home prior to each of the Subject Day.

ANSWER: Defendant asserts that he has no specific knowledge or memory of each individual and/or person who was at his home of the Subject Day but asserts that the individuals identified in response to interrogatory number 9 may have been present. Defendant was out of the house at work between the hours of 7 a.m. and 7 p.m. Defendant's son was living in Chicago at the time and not present.

11. Identify any communication you have received from your ISP in the last two years including any changes regarding the terms of your contract or agreement, and any notices you have received, including but not limited to notices of copyright infringement.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that the only notice or communication that he received was a notification from his internet service provider dated September 24, 2012.

12. For each of the Computer Devices identified in your response to Interrogatory No. 4, identify by brand, trademark, model number, version and any other form of identifier each of the video or audio players and other programs which enable you to view videos, TV, DVDs, movies, or listen to music, and in your answer identify which of those players or programs were operational on May 22, 2012.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Furthermore, Plaintiff's request as currently phrased would require Defendant to examine and identify the internal operations and workings of each electronic device and/or player on each of the computer devices listed in response to the preceding interrogatory question which may result in violations of the Digital Millennium Copyright Act.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that in addition to the factory installed media players on each respective computer device are as follows:.

███████aptop Dell Vostro 1400
███laptop HP-DV6-6130US and Motorolla razor phone
██████████Mac Book and ipadtouch


13. When, how and where did you first learn about BitTorrent, who was with you when you first learned about BitTorrent.

ANSWER: Defendant asserts that he has no specific knowledge or memory of when he first learned about BiTorrent nor is he able to recall who was with him when he first learned about BitTorrent, but became aware of its existence while trying to understand the basis of the claims against him in the underlying suit.

6

14. Identify each person, including yourself, if applicable, whom you know, at any time in the past, has used BitTorrent or any other type of peer-to-peer file sharing program.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned requests that he has never utilized BitTorrent on any computer device that he owned, operated, or maintained. After conducting a good faith inquiry into the nature of the request Defendant believes that one or more of his children and/or household guests may have utilized BitTorrent at some point in time but has no knowledge as to what if anything was done by them.

15. Identify each BitTorrent Client, in other words software program that enables the BitTorrent protocol to work, which is or has ever been installed on one of the Computer Devices in your home.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that

to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that a UTorrent file program may have been utilized on one or more of the computer devices identified in response to interrogatory question number 4.

ANSWER: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above captioned requests that there are no file sharing programs on any computer device that he owned, operated, or maintained. After conducting a good faith inquiry into the nature of the request Defendant believes that one or more of his children and/or household guests may have utilized BitTorrent at some point in time but has no knowledge as to what if anything was done by them.

16. Identify each BitTorrent file that you have downloaded, and each BitTorrent website that you have visited.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc.

ANSWER SUBJECT TO OBJECTION: Defendant has never downloaded a BitTorrent file or visited a BitTorent website.

17. For each of your Computer Devices, identify each program used to encrypt, destroy, erase, delete, or wipe out files or data from said Computer Device; and any program used to mask, switch or hide your IP address or email address.

ANSWER: Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests he does not believe that there are any encryption or other file cleaning programs (other than any registry cleaning or systems maintenance programs which are part of the computer operating system) on any of the computer devices in his care custody and control. As to the computer devices that are in the care custody and control of any of the other individuals identified in response to interrogatory number 4, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests has no knowledge as to what if any systems and/or programs were on those computers.

18. Identify each website, blog or message board, which you have visited, or to which you have subscribed, posted or hosted, which refers to, relates to, or discusses, internet piracy, BitTorrent, file sharing, or which provides information to people regarding suits which allege that people have committed on-line copyright infringement.

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of Copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Onlytorrents, Sumotorrents, Torrentcrazy, Torrentdowloads, Kickasstorrents, torrentreactor, etc. Finally, Plaintiff is seeking information as to how he came about information that may have offered assistance including legal assistance with regard to the handling and/or defense of the claims against him which is not relevant to the claims nor is it reasonably calculated to lead to the discovery of admissible evidence and is a transparent attempt to try and stifle informational sources that offer assistance to similarly situated individuals.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry he visited one or more internet sites that discussed the aspects of similar copyright litigation cases across the country. Defendant asserts that he has no specific knowledge or memory of any of the sites that he may have visited.

19. Explain in detail what you posted on each website, blog or message board identified above and any information that you learned from said website, blog or message board.

ANSWER: Defendant incorporates the answer and objection as set forth in interrogatory number 18

20. Which internet browsers do you use and have you searched for Malibu Media or torrent files?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is compound in nature and cannot be answered in its individual components without incorporating and affirmative response to the second part of the question (i.e. that Defendant has in fact viewed Patrick Collins or other torrent files though his internet browser)

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that

9

to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that he has utilized windows explorer and Mozilla firefox as internet browsers for each of the computer devices that he used or that were in his care custody and control.

21. Have you ever knowingly downloaded a song, movie, game, software program or computer file from a file sharing service? For purposes of your answer "file sharing service" should be interpreted to mean any peer-to-peer, streaming, one click, storage locker or other type of service that provides content for free or for a monthly subscription. Examples of these types of services include but are limited to Napster, Limewire, BitTorrent, MegaUpload, Piratebay, Utorrent, Extratorrent and Grokster.

OBJECTION: Defendant objects to the nature of this interrogatory it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff lacks standing to assert any claims with regard to any downloaded or distributed content other than its own works therefore, other works that may have been downloaded streamed or clicked on are immaterial to the claims at issue. In addition, Defendant objects to the nature of the request as phrased in that it is compound in nature and included acts of exchange that are entirely lawful and seeks to utilized the defined lawful downloads, viewing and subscription based exchange as being tantamount or equivalent to unlawful distribution through one of numerous media distribution system. The answers to each implies individualized facts and assumptions that cannot reasonably be responded to in the current form.

ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests he has never downloaded any media content (i.e. audio, video, etc.) associated with Plaintiff's registered works nor has he utilized any file sharing programs.

22. Have you or anyone who has had access to a wireless router(s) or modem(s) in your home visited an adult website within the last two years?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

23. Have you ever watched x-rated, adult or pornographic movies or live feeds (collectively, "adult content")? If so, when approximately was the last time you watched adult content, how often do you watch adult content, which studios do you prefer, and what type of movies do you prefer?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

24. How and from where do you procure adult content to watch? Have you ever subscribed to an internet company distributing adult content?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

25. Is there anyone in your personal or professional life who you do not want to know that you watch adult content? If so, explain who and why?

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, vague, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for his failure to submit to Plaintiff's extortion tactics. The nature of the request is deliberately calculated to elicit information by which Plaintiff can then use to embarrass him as a viewer of pornography in order to facilitate a coercive and/or extortionate settlement or demand. Accordingly, no response is warranted.

Dated: March 27, 2013

JOHN T. HERMANN (P52858)
Attorney for the Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

## VERFICATION OF INTERROGATORY ANSWERS

    I certify that by signing hereto I have reviewed the statements contained in the in the responses to the foregoing interrogatory questions and find them to be true and accurate to the best of my knowledge.

_____
JEFFREY ROY

STATE OF MICHIGAN      )
                                   ) SS:
COUNTY Baraga         )

I hereby acknowledge that the above named individuals personally came before me this 25th day of March 2013, and executed the foregoing instrument.

_____
Notary Public
My Commission Expires On: 7-22-2016

**THERESA TANGEN**
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF BARAGA
MY COMMISSION EXPIRES 7-22-2016
ACTING IN THE COUNTY OF Baraga

12