# EXHIBIT 3

## **REQUEST TO ADMIT**

1. Admit that to the best of your knowledge, you do not have any direct non-circumstantial evidence as to whether Defendant as opposed to someone else used an online media distribution system to illegally download and/or exchange copyrighted movies owned by Plaintiff. If you are unable to admit the allegations in this request please state with particularity the reasons why you are unable to admit the request.

2. Admit that upon reasonable investigation, you are unable to verify that Defendant did not, in fact, use an online media distribution system to illegally download and/or exchange copyrighted movies owned by Plaintiff. If you are unable to admit the allegations in this request please state with particularity the reasons why you are unable to admit the request.

3. Admit that to the best of your knowledge, you do not have any direct non-circumstantial evidence as to how Defendant assisted third persons in using an online media distribution system to illegally download and/or exchange copyrighted movies owned by Plaintiff. If you are unable to admit the allegations in this request please state with particularity the reasons why you are unable to admit the request.

4. Admit that upon reasonable investigation, you are unable to verify that Defendant did not, in fact, assist third persons in using an online media distribution system to illegally download and/or exchange copyrighted movies owned by Plaintiffs. If you are unable to admit the allegations in this request please state with particularity the reasons why you are unable to admit the request.

5. Admit that to the best of your knowledge that for all relevant times it would not be possible for an individual including the Defendant to illegally download and/or exchange copyrighted movies as alleged in your complaint without utilizing a an online media distribution system in the manner referenced in your complaint. If you are unable to admit the allegations in this request please state with particularity the reasons why you are unable to admit the request.

6. Admit that to the best of your knowledge, Plaintiffs has no knowledge or evidence that the Defendant contributed either directly or indirectly in allowing the exchange of copyrighted material as alleged in the Complaint. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

7. Admit that upon reasonable investigation, you are unable to verify that Defendant did, in fact, contribute either directly or indirectly in allowing the exchange of copyrighted material as alleged in the Complaint. If you are unable to admit the

allegations in this request please state with particularity the reasons why you are unable to admit the request.

8. Admit that to the best of your knowledge, Plaintiffs has no knowledge or evidence that the Defendant may have been vicariously liable for allowing the exchange of copyrighted material as alleged in the Complaint. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

9. Admit that upon reasonable investigation, you are unable to verify that Defendant, in fact, vicariously allowed the exchange of copyrighted material as alleged in the Complaint. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request

10. Admit that upon reasonable investigation Defendant did not engaged in any unauthorized acts under the copyright act. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

11. Admit that Plaintiff's good faith basis for bringing this action against Defendant is solely grounded upon the fact that she is the registered own of an internet service account from which it was believed that copyrighted movies were being exchanged.

12. Admit that other than the ownership of the internet service account from which it was believed that copyrighted movies were being exchanged, Plaintiff has no other basis for its claims of copyright infringement of at the time of the filing of this action.

13. Admit that Plaintiff's are aware that internet service accounts including internet protocol addresses can be used by other individuals. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

14. Admit at the time of filing the complaint, Plaintiffs were aware of the possibility that someone else may have been using Defendant's internet account to download and/or exchange the copyrighted materials referenced in the complaint. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

15. Admit that Plaintiffs have demanded financial payment based on its claims for the illegal exchange of copyrighted movies using an online media distribution program from individuals where it could not be established that they had engaged in any violation of the copyright act. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

16. Admit that Plaintiffs demanded financial payment for the illegal exchange of movie owned by Plaintiffs using an online media distribution program from Defendant after obtaining information that he did not engage in the activity alleged in the complaint. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

17. Admit that you are aware that that The ISP to which the Defendant subscribed may not correlate to the actual identity of the individual who illegally downloaded and/or exchanged the copyrighted movies owned by Plaintiffs. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

18. Admit that Plaintiff's computer investigators have only been able to identify Defendant's IP Address (as opposed to Defendant himself) as being associated with swarm that was allegedly distributing Plaintiff's copyrighted works. If you are unable to admit the allegations in this request, please state with particularity the reasons why you are unable to admit the request.

Dated: January 14, 2013

JOHN T. HERMANN (P52858)
Attorney for Defendant
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>JEFFREY ROY,<br><br>   Defendant. | Case No. 1:12-cv-00617-RJJ<br>Hon. Robert J. Jonker |

| | |
|---|---|
| PAUL J. NICOLLETTI (P-44419)<br>Attorney for Plaintiff<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, MI 48304<br>(248) 203-7801 | JOHN T. HERMANN (P-52858)<br>Attorney for Defendant<br>2684 West Eleven Mile Road<br>Berkley, MI 48072<br>(248) 591-9291 |

**PROOF OF SERVICE**

**STATE OF MICHIGAN** )
         ) SS.
**COUNTY OF OAKLAND** )

JOHN T. HERMANN, being first duly sworn, deposes and says that on January 14, 2013 he served U.S. Mail a copy of Defendant's Interrogatories, Request for Production of Documents, Request for Admissions along with a copy of this Proof of Service and Defendant's Rule 26 Disclosures on Plaintiff's counsel whose address is 36880 Woodward Ave, Suite 100 Bloomfield Hills, MI 48304

               _/s/ John T. Hermann_
               JOHN T. HERMANN (P-52858)
               Attorney for Defendant
               2684 West Eleven Mile Road
               Berkley, MI 48072
               (248) 591-9291