UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

                                                          CASE NO. 1:12-CV-617

v.

                                                          HON. ROBERT J. JONKER

JEFFREY ROY,

    Defendant.
_____/

## MEMORANDUM OPINION and ORDER

This is a BitTorrent copyright infringement action under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* This matter is before the Court on Defendant Jeffrey Roy's motion for summary judgment. For the reasons set forth below, the Court will deny Defendant's motion.[1]

### I. Factual and Procedural Background

The facts for the summary judgment record are largely undisputed. The question that is disputed is whether that record permits a reasonable jury verdict in favor of either or both parties. The Court concludes a reasonable jury could find for either side, and so summary judgment is not appropriate.[2]

On May 22, 2012, a computer user at Internet Protocol ("IP") address 24.177.168.98 ("John Doe 1"), registered with Charter Communications in Marquette, Michigan, participated in a

---

[1] This motion was originally scheduled for oral argument on December 19, 2013. This motion has been fully briefed and, upon closer review of the record, the Court believes oral argument to be unnecessary. W.D.Mich. LCivR 7.2(d).

[2] Plaintiff did not file a separate motion for summary judgment, but did ask for summary judgment in its response papers. Because a reasonable jury could find for either side, summary judgment is inappropriate for either side.

BitTorrent swarm. (Docket #1, Page ID 13.) The user's access began at approximately 4:54 a.m.[3] During the swarm, John Doe 1 exchanged torrent pieces from pirated copies of 15 of Plaintiff Malibu Media's copyrighted works. (Docket #13-1, Page ID 169, 185.) Malibu Media hired IPP, Ltd. to investigate suspected copyright infringements. IPP identified not only the IP addresses associated with the swarm at issue in this case, but also the type of BitTorrent file sharing program ("client"). (Docket #4-2, Page ID 95–96.) In this case, the suspect used µTorrent, one of 48 existing BitTorrent clients. (*Id.* at 482; docket #45-1, Page ID 458–62.)

Malibu Media served a third-party subpoena on Charter, which revealed that Defendant Jeffrey Roy was the subscriber uniquely associated with the IP address during the relevant time period. (Docket #45-3, Page ID 483–84.) Defendant denies that he has used a BitTorrent client on any computer device that he has owned, operated, or maintained. (Interrog. Answers, Docket #41-2, Page ID 409.) He also denies that he has ever downloaded a BitTorrent file or visited a BitTorrent website. (*Id.* at 410.) However, Defendant "believes that one or more of his children and/or household guests may have utilized BitTorrent at some point in time but has no knowledge as to what if anything was done by them." (*Id.* at 409.) Defendant further admits that "a µTorrent file program may have been utilized" on one of the computers in his household. (*Id.* at 410.)

Defendant's household accessed the internet through a password-protected wireless router. (Roy Aff., docket #41-3, Page ID 416.) Defendant shared the password with his family members—wife, son, and daughter—and various household guests. (*Id.*; docket #41-2, Page ID 407.) On May 22, 2012, Defendant's son lived in Chicago and was not present. (Docket #41-2,

---

[3] Although that was the official swarm time, the computer user was not necessarily physically using the computer at that time. BitTorrent protocol provides for continuous seeding and distributing of a file after it has downloaded. (Fieser Decl., ¶ 19, docket #45-2, Page ID 480.) In other words, a computer may exchange BitTorrent pieces outside the physical presence of the computer user.

Page ID 407.) Defendant's daughter lives at a different address in Marquette. (*Id.*) There is no evidence that his daughter or any guests were at his house or accessing his IP address on that day. (*See id.*) Defendant's wife had internet access that day. (*See id.*)

## II. Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. In deciding a motion for summary judgment, the court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. Discussion

Defendant's argument for summary judgment is that Malibu Media has not introduced sufficient evidence to generate a question of fact as to whether Defendant was the infringer. Specifically, he argues that the mere fact that he is the subscriber associated with the infringing IP address is insufficient to create a question of fact. Malibu Media responds that it has introduced additional evidence that creates a question of fact. These additional facts include: (1) Defendant's internet was password protected, as opposed to open to interloping neighbors, (2) only Defendant and his wife were in the home at the time and Defendant has not introduced sufficient evidence to show that his daughter or other house guests accessed the internet that day, and (3) Defendant had

a greater motive than his wife to access Malibu Media's works because Malibu Media's subscribers are predominantly male (Field Decl., docket #45-1, Page ID 450).

The Court need not reach whether a defendant's status as an IP address subscriber alone is sufficient to create a question of fact because the evidence in the record, taken together, undoubtedly generates a question for the jury. As other courts have observed, there are few BitTorrent cases in which courts have considered defense motions for summary judgment. *See, e.g.*, *Malibu Media, LLC v. Etter*, no. 1:12-cv-1115, 2013 WL 5366355, at *1 (S.D. Ind. Sept. 24, 2013). The Court is unaware of any cases in which such a motion has been granted. In *Malibu Media, LLC v. Fitzpatrick*, no. 1:12-CV-22767, 2013 WL 5674711 (S.D. Fla. Oct. 17, 2013), the court considered cross motions for summary judgment. One issue was whether a plaintiff had submitted sufficient evidence to survive summary judgment on the question of whether the defendant was the infringer. *Id.* at *2. In that case, the defendant and his wife lived in a 300-unit, 30-story condominium building and there was some evidence to support that the defendant's wireless router had an "open" guest network, allowing anyone within signal range to access the internet using his IP address. *Id.* at *2. In light of gaps in the record evidence as to who had access to the defendant's router and any forensic evidence from the defendant's computer, the court denied both motions for summary judgment. *Id.* at *3.

The facts in this case are less favorable to Defendant than the defendant in *Fitzpatrick*. Here, because Defendant's router was password-protected and he did not have an "open" guest network, Defendant was one of far fewer people who had access to his IP address. As such, Defendant is less entitled to summary judgment than the defendant in *Fitzpatrick*. Moreover, additional, undisputed facts support an issue of fact that Defendant was the infringer. Beyond the fact that Defendant was the IP address subscriber, there were few others in his household and Defendant has not introduced

4

evidence supporting that his daughter or any guests were present or accessing the internet on May 22, 2012. Finally, Malibu Media has introduced evidence that its subscribers are male "by a large margin." (Docket #45-1, Page 450.) This provides at least some support that Defendant, as opposed to his wife, was the offender. Taken together, the record evidence constitutes more than a scintilla of evidence necessary to establish a factual question.[4]

### IV. Conclusion

On the record, there is a question of fact whether Defendant infringed Malibu Media's copyrights. The Court will therefore deny Defendant's motion for summary judgment.

**ACCORDINGLY, IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing currently scheduled for Thursday, December 19, 2013, is **CANCELLED**.


Dated: December 16, 2013                    /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE

---

[4] Defendant also asserts that he offered to produce his computers for Malibu Media's inspection and Malibu Media has elected not to inspect them. Defendant argues that this should cut in his favor on a motion for summary judgment. Even if this fact favors Defendant's position, it does not undermine that a factual question exists. Defendant already denies that there are or ever were files on his computer, and, after taking the facts in the light most favorable to Defendant, there remains a question of fact on the identity of the infringer. Thus, a lack of inspection may be relevant at trial, but it does not change the outcome at summary judgment.